IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN A. TRIBUANI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 09-55-SLR |
| | ) |
| PERRY PHELPS, Warden, | ) |
| and JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents. | ) |

John A. Tribuani. Pro se petitioner.

Paul R. Wallace, Chief of Appeals, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

October 30 , 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Petitioner John A. Tribuani ("petitioner") is a Delaware inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Pending before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1) For the reasons that follow, the court will deny the application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner and his co-defendant Deborah Bennett were positively identified by three people as having broken into the residence of Eugene Wright on the night of October 15, 2006. (D.I. 10) Demanding money Wright owed him and swinging a baseball bat at each victim to assure compliance with his demands, petitioner took cell phones and wallets from the individuals in the residence, along with PIN numbers for debit cards. Petitioner and his co-defendant also threatened the lives of everyone present. At one point, petitioner hit one of the male victims with the bat, striking the man in the arm and in the groin. Shortly after fleeing with the stolen property, petitioner was apprehended in a Commerce Bank parking lot. The police discovered a large kitchen knife concealed in his pants. *Id.*

In November 2006, petitioner was indicted on several charges, including three counts of first degree robbery, five counts of possession of a deadly weapon during the commission of a felony, one count of first degree burglary, three counts of aggravated menacing, one count of second degree assault, one count of carrying a concealed deadly weapon, one count of second degree conspiracy, and various related misdemeanors. *Id.* On April 26, 2007, petitioner pled guilty to second degree assault,

second degree conspiracy, and one count of possession of a deadly weapon during the commission of a felony. Petitioner was sentenced to three years of incarceration followed by decreasing levels of probation. Petitioner did not appeal his conviction. *Id.*

On November 18, 2007, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting ineffective assistance of counsel. The Superior Court denied the Rule 61 motion as meritless. *See State v. Tribuani*, ID No. 061001361, Letter Order (Del. Super. May 8, 2008). Petitioner appealed, and the Delaware Supreme Court summarily denied the appeal as untimely. *See Tribuani v. State*, 959 A.2d 28 (Table), 2008 WL 4290948 (Del. Sept. 19, 2008).

Petitioner timely filed the instant application in this court. The State filed an answer, arguing that all three claims raised therein should be dismissed because they are procedurally barred from federal habeas review.

## III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One pre-requisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. See Duncan v. Henry, 513 U.S. 364, 365 (1995); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." Holloway v. Horn, 355 F.3d 707, 714 (3d Cir. 2004)(internal citation omitted).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Teague v. Lane, 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are nonetheless procedurally defaulted. See Lines, 208 F.3d at 160; Coleman, 501 U.S. at 750-51. Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman, 501 U.S. at 750; Harris v. Reed, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless a petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. See McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir.

1999); *Coleman*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

The habeas application presently pending before the court asserts three claims: (1) petitioner's plea agreement was unfulfilled because the Superior Court did not sentence him to the two years of incarceration recommended in the plea agreement; (2) petitioner did not receive a copy of his pre-sentence report prior to sentencing; and (3) counsel provided ineffective assistance. Petitioner raised these claims in his Rule 61 motion, and the court concurs with the State's contention that a liberal construction of petitioner's notice of appeal suggests that he presented the claims to the Delaware Supreme Court on post-conviction appeal. (D.I. 10 at 4; D.I. 12) The Delaware Supreme Court, however, denied the appeal as untimely under Delaware Supreme Court Rule 6, which constituted a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-4 (1984), that its decision rested on state law grounds. This court has consistently held that a dismissal pursuant to Delaware Supreme Court Rule 6 effectuates a procedural default under the independent and adequate state procedural rule doctrine. *See Yost v. Williams*, 572 F. Supp. 2d 491, 497 (D. Del. 2008). Thus, the court cannot review the merits of claims one, two, and three absent a showing of cause for the default and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claims are not reviewed.

To the extent petitioner attempts to establish cause by blaming counsel for not filing a direct appeal and/or for not informing him about the thirty-day appellate filing period, the court is not persuaded. (D.I. 1 at 9(e)) As an initial matter, it is not entirely clear that petitioner presented this particular allegation regarding counsel's performance

5

in his Rule 61 motion.[1] Nevertheless, even if petitioner did include this allegation in his Rule 61 motion, he still failed to timely file his post-conviction appeal which, in turn, effectuated the procedural default of all three claims raised in this proceeding.[2] Considering that a procedurally defaulted ineffective assistance of counsel claim cannot constitute cause for another procedurally defaulted claim,[3] the court concludes that petitioner's attempt to establish cause by alleging ineffective assistance of counsel is unavailing.

In the absence of cause, the court will not address the issue of prejudice. Moreover, there are no grounds for excusing petitioner's default under the miscarriage of justice doctrine, because petitioner has not provided new reliable evidence of his actual innocence that was not presented at trial. Accordingly, the court will deny claims one, two, and three as procedurally barred.

---

[1] In claim three of his Rule 61 motion, petitioner asserted ineffective assistance of counsel, specifically stating that counsel "ignored my instructions when I signed the plea bargain. When the judge ordered the pre-sentence investigation, he asked to (please see other side)." (D.I. 16, *State v. Tribuani*, No. 061001369, Motion for Post-Conviction Relief) However, because the copy of the Rule 61 motion in the state record does not include petitioner's statements on the back of the paper, the court cannot determine if petitioner presented the instant allegation regarding counsel's failure to file a direct appeal and/or counsel's failure to inform petitioner about the length of the appellate filing period. Nevertheless, the court will assume that this particular allegation was included in the Rule 61 motion because its inclusion does not alter the court's determination that petitioner's untimely filing of his post-conviction appeal effectuated a procedural default of the issues presented therein.

[2] Petitioner cannot "correct" his default by asserting this particular ineffective assistance of counsel allegation in a new Rule 61 motion; a new Rule 61 motion would be time-barred under Delaware Superior Court Criminal Rule 61(i)(1) and barred as formerly adjudicated under Rule 61(i)(4).

[3] *See Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000).

6

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* 3d Cir. L.A.R. 22.2 (2011). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## VI. CONCLUSION

For the foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.